UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRANCE JAMES JONES (#613191),

       Plaintiff,

v.

KRISTOPHER SPAULDING,

       Defendant.

_____/

Case No. 4:22-cv-12171
District Judge Shalina D. Kumar
Magistrate Judge Anthony P. Patti

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DISMISS THIS ACTION PURSUANT TO Fed. R. Civ. P. 41(b) & E.D. Mich. LR 41.2 and DEEM MOOT DEFENDANT'S PENDING MOTION TO DISMISS (ECF No. 19)**

**I.**     **RECOMMENDATION**: The Court should **DISMISS** this action pursuant to Fed. R. Civ. P. 41(b) and E.D. Mich. LR 41.2 and, accordingly, **DEEM MOOT** Defendant's pending motion to dismiss (ECF No. 19).

**II.**     **REPORT:**

In September 2022, while located at the Michigan Department of Corrections (MDOC) St. Louis Correctional Facility (SLF), Terrance James Jones filed a complaint *in pro per* against SLF prison counselor Kristopher Spaulding. (ECF No. 1, PageID.2; *see also* ECF No. 13.) Jones alleges that he arrived at SLF in November 2021, warned Spaulding about the risk of being assaulted, yet, on December 14, 2021, "was stabbed multiple times." (ECF No. 1, PageID.7.)

1

### A.  Defendant's pending motion to dismiss (ECF No. 19) is unopposed.

This case has been referred to me for pretrial matters.  (ECF Nos. 9, 12.) Currently before the Court is Defendant's October 19, 2023 motion to dismiss (ECF No. 19), which argues that he is entitled to dismissal of this case, because Jones "refused to answer questions at his deposition[,]" and "failed to prosecute his case."  (*Id.*, PageID.69, 72, 75-79.)  Relying upon Fed. R. Civ. P. 37(d) and Fed. R. Civ. P. 41(b), Defendant asks this Court to grant his motion to dismiss or, alternatively, require Jones to reimburse "the expense of the failed deposition before proceeding any further with his claim in this case."  (*Id.*, PageID.72, 79-80.)

Plaintiff's response was due on November 13, 2023.  (ECF No. 20.) However, by a request dated November 6, 2023 and post-marked November 9, 2023, at which point Plaintiff was located at the MDOC's Bellamy Creek Correctional Facility (IBC), Plaintiff sought a stay of all proceedings until he was "able to obtain counsel in this matter."  (ECF No. 21, PageID.105, 106; *see also* ECF No. 18.)  On November 15, 2023, I entered the following text-only order:

> . . . Plaintiff's motion for a stay is GRANTED IN PART.  The case is HEREBY STAYED, for the purpose of giving Plaintiff time to find counsel, until March 15, 2024, at which time the stay will be automatically lifted, even if counsel has not yet appeared on Plaintiff's behalf.  If an appearance is filed before then on Plaintiff's behalf, the attorneys shall contact Judge Patti's chambers to arrange for a status conference.  If Plaintiff remains without counsel by the time the stay

is automatically lifted, he shall have until April 15, 2024 to file his
response to the pending motion to dismiss (ECF No. 19 ).

(ECF No. 24.)  A copy of this order was mailed to Plaintiff at IBC.

To date, there has been no appearance of counsel on Plaintiff's behalf, nor has Plaintiff filed a response to Defendant's pending motion to dismiss (ECF No. 19).

> **B.     Plaintiff appears to have abandoned this case or, at least, to have been neglectful with updating his address.**

Plaintiff's address of record was SLF at the time he filed his complaint and application to proceed *in forma pauperis*. (ECF Nos. 1, 2.)  When this lawsuit was just a few weeks old, the Clerk of the Court issued a "Notice Regarding Parties' Responsibility to Notify Court of Address Change," which, *inter alia*, cites E.D. Mich. LR 11.2 ("Failure to provide Notification of Change of Address").  (ECF No. 5.)  In August 2023, Plaintiff notified the Court of his change in address to IBC (ECF No. 18), and he was still at IBC in November 2023, the time of his most recent filing (*see* ECF No. 21, PageID.107).  Thus, Plaintiff's address of record remains IBC.

The MDOC's Offender Tracking Information System (OTIS) indicates that Plaintiff was paroled on March 19, 2024;[1] yet, in the approximately two months

---

[1] *See* www.michigan.gov/corrections, "Offender Search," last visited May 20, 2024.

3

since his parole, Plaintiff has not filed a notice of change of contact information. Thus, at the very least, Plaintiff appears to have been neglectful in fulfilling his responsibility to keep the Court apprised of his change in address, which certainly explains why Plaintiff's copy of the April 22, 2024 show cause order (ECF No. 25), which was mailed to IBC, was returned to the Court (*see* ECF No. 26).

      **C.**    **The Court issued a show cause order (ECF No. 25).**

On April 22, 2024, the Undersigned entered an order, which, *inter alia*: (1) noted that Defendant Spaulding's motion (ECF No. 19) was unopposed, E.D. Mich. LR 7.1(c)(1) ("A respondent opposing a motion must file a response, including a brief and supporting documents then available."); and, (2) set a deadline of Monday, May 13, 2024 for Plaintiff, in writing, to:

- show cause why this case should not be dismissed in accordance with Federal Rule of Civil Procedure 41(b) and Eastern District of Michigan Local Rule 41.2 for his failure to comply with the Court's November 15, 2023 order (ECF No. 24) and/or under Fed. R. Civ. P. 41(b) for his failure to prosecute; and,

- propose a reasonable and conservative extended deadline for filing a response to Defendant Spaulding's pending motion (ECF No. 19), should the Court choose to permit a response.

(ECF No. 25, PageID.113.)  The order expressly warned:  "**Failure to comply with this Order could result in a Report and Recommendation that the Court dismiss this action pursuant to Federal Rule of Civil Procedure 41(b) and E.D. Mich. LR 41.2.**" (*Id.*, PageID.113 (emphasis in original).)  Not surprisingly,

4

Plaintiff's copy of the show cause order (ECF No. 25) has been returned to the Court (ECF No. 26). Likewise, Plaintiff has not filed a response to the Court's show cause order.

### D. Conclusion

In the end, Defendant Spaulding's dispositive motion (ECF No. 19) remains unopposed. As set forth in detail above, Plaintiff has not kept the Court apprised of his change of address (*see* E.D. Mich. LR 11.2), and he has not complied with either the Court's November 15, 2023 order (ECF No. 24) or show cause order (ECF No. 25), the latter of which has been returned to the Court as undeliverable (*see* ECF No. 26), seemingly due to Plaintiff's failure to update the Court with his contact information post-parole. Therefore, the Court should **DISMISS** this action pursuant to Fed. R. Civ. P. 41(b) and E.D. Mich. LR 41.2 and, accordingly, **DEEM MOOT** Defendant Spauling's pending motion to dismiss (ECF No. 19).

## III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some

5

issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc*. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: May 20, 2024

                                             Anthony P. Patti
                                             UNITED STATES MAGISTRATE JUDGE